# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO: 3:06CR74

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| RICKY EDWARD GRAVES, | ) |  |
| Defendant. | ) |  |

**THIS MATTER IS BEFORE THE COURT** on Defendant Ricky Edward Graves' "Motion to Strike Prejudicial Surplusage and Misleading Allegations from Count One of the Indictment and Incorporated Memorandum" (Document 67), filed August 21, 2006, and the "Government's Brief in Opposition to Defendants Graves' and Currin's Motions to Strike Surplusage from the Indictment" (Document No. 81), filed September 1, 2006[1]. This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and is now ripe for the Court's consideration.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>deny</u> Defendant's "Motion to Strike...."

## I. DISCUSSION

In the "Motion to Strike Prejudicial Surplusage...," Defendant requests that certain terms be stricken from Count One of the Indictment under Fed. R. Cr. Pro. 7(d) because they are prejudicial surplusage and constitute legal conclusions. In particular, the Defendant moves the Court to strike the following language: (1) **The Tax Fraud Scheme**, (2) **evading** taxes, and (3) **evade** federal

---

[1] Defendant Samuel Thomas Currin's motion to strike will not be discussed. Defendant Currin entered a guilty plea on November 2, 2006.

income taxation. Defendant contends that the cite language amounts to legal conclusions that will be used to mislead the jury and that will be extremely prejudicial to his case.

In response, the Government contends that Defendant's arguments are frivolous. The Government points out that Count One also alleges that defendants attempted to "defraud" the IRS, but Defendant makes no objection to that language, nor does he explain how it is any less prejudicial, or less of a legal conclusion. The government argues that "[i]ndictments regularly - - indeed, - - inevitably allege legal conclusions ... [s]uch allegations are entirely proper and relevant." The undersigned agrees with the Government.

Federal Rule of Criminal Procedure 7(d) states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Such a motion is addressed to the discretion of the district court, and the standard has been strictly construed against striking surplusage. United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998). "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory. A district court's ruling on a motion to strike is reviewed for abuse of discretion." United States v. Williams, 445 F.3d 724, 733 (4th Cir. April 18, 2006) (quoting United States v. Poore, 94 F.2d at 41).

Therefore, the Court may grant a motion to strike surplusage only "if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." Id. (quoting Rezaq, 134 F.3d at 1134). Put another way, "information that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion." United States v.

Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006). See also U.S. v. Coffey, 361 F.Supp.2d 102, 123 (E.D.N.Y. 2005); Fed.R.Crim.P. 7(d) Advisory Committee Notes. Because the standard for surplusage is so exacting, only rarely is alleged surplusage stricken from an indictment. Coffey, 361 F.Supp.2d at 123.

To strike surplusage, therefore, it must be *clear* that the allegations are not relevant and are inflammatory and prejudicial. That is certainly not the case here. For the reasons stated in the Government's brief, Defendant's argument is without merit, and the motion fails.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Defendant Ricky Edward Graves' "Motion to Strike Prejudicial Surplusage ..." (Document No. 67), be **DENIED**.

Signed: November 22, 2006

David C. Keesler
United States Magistrate Judge