# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO: 3:06CR74

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER |
| RICKY EDWARD GRAVES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Ricky Edward Graves' "Motion to Strike Prejudicial Surplusage and Misleading Allegations from the Superseding Indictment and Incorporated Memorandum" (Document No. 180), filed March 20, 2007, and the "Government's Brief in Opposition to Defendant Graves' Motion to Strike Surplusage from the Indictment" (Document No. 184), filed March 21, 2007. This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and is now ripe for the Court's consideration.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>deny</u> Defendant's "Motion to Strike..." (Document No. 180).

## I. DISCUSSION

In the "Motion to Strike...," Defendant requests that certain provisions be stricken from the "Superseding Bill of Indictment" (Document No. 173) pursuant to the United States Constitution and Fed. R. Cr. Pro. 7(d) because they are irrelevant and prejudicial surplusage. Specifically, Defendant contends that "the government did not remove from the Superseding Indictment several assertions relating to the Securities Claims and Dismissed Defendants that should have been omitted from the Superseding Indictment, which is entirely tax-oriented." <u>See</u> Document No. 180 p.2. Defendant

also contends that use of the word "wealthy" in ¶ 12.A. of the Superseding Indictment is unfairly prejudicial and irrelevant.

In response, the Government contends that "evidence of Graves' co-conspirators' misconduct was in furtherance of the charged conspiracy" and that even if their failure to file tax returns were not in furtherance of the conspiracy, such evidence is "relevant and admissible evidence of criminal intent with regard to the tax charge." See Document No. 184 p. 3. The government makes the point that in a conspiracy trial it must show the criminal intent of both the Defendant and at least one other co-conspirator. The government contends that at trial it will show that "the obstructive conduct identified in the Superseding Indictment was expressly contemplated by Graves as a method of concealing the trust structures from the IRS." Id. at 4. As to the use of the word "wealthy," the government contends that it will establish at trial that the defendant touted that the offshore trust structures were utilized by the richest of the rich, and therefore that its use of the term "wealthy" is not unduly prejudicial.

The undersigned agrees with the Government. Federal Rule of Criminal Procedure 7(d) states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Such a motion is addressed to the discretion of the district court, however, and the standard has been strictly construed against striking surplusage. United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998). "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory. A district court's ruling on a motion to strike is reviewed for abuse of discretion." United States v. Williams, 445 F.3d 724, 733 (4th Cir. April 18, 2006) (quoting United States v. Poore, 94 F.2d at 41).

Therefore, the Court may grant a motion to strike surplusage only "if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." Id. (quoting Rezaq, 134 F.3d at 1134). Put another way, "information that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion." United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006). See also U.S. v. Coffey, 361 F.Supp.2d 102, 123 (E.D.N.Y. 2005); Fed.R.Crim.P. 7(d) Advisory Committee Notes. Because the standard for surplusage is so exacting, only rarely is alleged surplusage stricken from an indictment. Coffey, 361 F.Supp.2d at 123.

To strike surplusage, therefore, it must be *clear* that the allegations are not relevant and are inflammatory and prejudicial. That is not the case here. For the reasons stated in the Government's brief, Defendant's argument is without merit, and the motion must fail.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Defendant Ricky Edward Graves' "Motion to Strike Prejudicial Surplusage ..." (Document No. 180), be **DENIED**.

Signed: March 26, 2007

_____
David C. Keesler
United States Magistrate Judge